UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN O'NEEL,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | No. 2:25-cv-01370-TLN-SCR<br><br>**ORDER** |

Plaintiff Sean O'Neel ("Plaintiff") filed the instant action seeking judicial review of Defendant Commissioner of Social Security's ("Defendant") final decision denying his application for supplemental security income. This matter was referred to the magistrate judge under Local Rule 302(c)(15).

On August 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 18.) Plaintiff has filed objections to the findings and recommendations. (ECF No. 19.) In those objections, Plaintiff maintains the positions advanced in his motion for summary judgment that: (1) "the [Administrative Law Judge ('ALJ')] failed to provide specific, clear, and convincing reasons for discounting his allegations of mental dysfunction"; (2) "the ALJ failed to adequately evaluate the medical opinions of the State agency mental health consultants"; and (3) "the ALJ failed to

properly evaluate the examining medical opinion of the consultative psychologist, Lauri Stenbeck, Psy.D." (ECF No. 19 at 5.)

After careful review of the record, the Court finds that the magistrate judge's analysis of these issues is correct and well-supported. The Court also notes that Plaintiff argues in his objections to the findings and recommendations that his failure to obtain mental health treatment was the result of his mental illness itself. (ECF No. 19 at 6–8.) As the magistrate judge explained, however, Plaintiff did not advance this argument in his motion for summary judgment. (ECF No. 18 at 13–14.) In his reply brief Plaintiff cited the Ninth Circuit's statement in *Nguyen v. Chater* that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation" but Plaintiff failed to develop any substantive argument that the record supported the proposition that he did not seek mental health treatment because of his mental illness. 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1124 (6th Cir.1989)).

Arguments are not properly raised for the first time in an objection to the magistrate judge's findings and recommendations. *See Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) ("Arguments raised for the first time on appeal have traditionally been held to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below. . . . The district court was well within its discretion in applying this rule to matters heard in the first instance by the magistrate.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations as a whole to be supported by the record and by proper analysis.

Accordingly, the Court hereby ORDERS as follows:

1. The findings and recommendations filed August 20, 2026 (ECF No. 18), are ADOPTED in full;

2. Plaintiff's motion for summary judgment (ECF No. 9) is DENIED;

3. Defendant's cross-motion for summary judgment (ECF No. 16) is GRANTED;

4. Defendant's final decision in this matter is AFFIRMED; and

5. The Clerk of the Court shall enter judgment for Defendant and close this case.

IT IS SO ORDERED.

DATE: September 28, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE